UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **TRUIST BANK,** | § | |
|   **PLAINTIFF,** | § | |
| | § | |
| **V.** | § | |
| | § | CIVIL ACTION NO. _____ |
| **CUZZCAST GOURMET GELATO, LLC,** | § | |
| **SUSAN N. CUZZO, AND MAGGIE A. CASTER** | § | |
|   **DEFENDANTS.** | § | |

### TRUIST BANK'S ORIGINAL COMPLAINT

Truist Bank, formerly known as Branch Banking and Trust Company, files this complaint against Cuzzcast Gourmet Gelato, LLC, Susan N. Cuzzo, and Maggie A. Caster to recover damages arising from their failure to repay a commercial loan.

### PARTIES & SERVICE

1. Truist Bank is a bank organized and existing under the laws of the State of North Carolina with its principal place of business in Charlotte, North Carolina. Pursuant to 28 U.S.C. § 1332(c), Truist Bank is a citizen of the State of North Carolina.

2. Cuzzcast Gourmet Gelato, LLC is a Texas limited liability company with its principal place of business in Dallas County, Texas. Cuzzcast Gelato is a Texas citizen because it only has two members, Susan N. Cuzzo, and Maggie A. Caster, each of whom is an individual Texas citizen residing at 2726 Riviera Drive, Garland, Texas 75204. Cuzzcast Gourmet Gelato may be served through its registered agent, United States Corporation Agents, Inc., at 9900 Spectrum Drive, Austin, Texas 78717, or wherever it may be found.

3. Susan N. Cuzzo is an individual Texas citizen residing in Dallas County. She may be served at 2726 Riviera Drive, Garland, Texas 75040, 3699 McKinney Avenue, Suite 101B, Dallas, Texas 75204, or wherever she may be found.

4. Maggie A. Caster is an individual Texas citizen residing in Dallas County. She may be served at 2726 Riviera Drive, Garland, Texas 75040, 3699 McKinney Avenue, Suite 101B, Dallas, Texas 75204, or wherever she may be found.

## JURISDICTION & VENUE

5. The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because complete diversity exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. If contested, Truist Bank requests immediate jurisdictional discovery to establish citizenship.

6. Venue is proper in this district and division pursuant to the forum selection clause in the contract governing the loan transaction at issue.

## FACTUAL BACKGROUND

### *Execution of the Note and the Guaranties*

7. On June 22, 2018, Truist Bank made a loan to Cuzzcast Gourmet Gelato ("Borrower") evidenced by a promissory note in the original principal amount of $153,000.00 ("Note"), attached as **Exhibit 1**.

8. To induce Truist Bank to provide the loan, Susan N. Cuzzo and Maggie A. Caster ("Guarantors") each signed a commercial guaranty ("Guaranty"). In their respective Guaranty, attached as **Exhibit 2** and **Exhibit 3**, the Guarantors "absolutely and unconditionally" guaranteed full and punctual payment and satisfaction of the indebtedness under the Note from Borrower to Truist Bank.

9. The Guaranties obligate the Guarantors for the full amount of Borrower's obligations under the Note:

> Guarantor absolutely and unconditionally guarantees full and punctual
> payment and satisfaction of the Indebtedness of Borrower to Lender,

and the performance and discharge of all Borrower's obligations under the Note and the Related Documents. . . .

Guarantor will make any payments to Lender or its order, on demand, in legal tender of the United States of America, in same-day funds, without set-off or deduction or counterclaim, and will otherwise perform Borrower's obligations under the Note and Related Documents. Under this Guaranty, Guarantor's liability is unlimited and Guarantor's obligations are continuing.[1]

10. The Guaranties also contain waiver provisions that negate certain conditions and defenses to enforcement.[2]

### Borrower and Guarantors Default on Their Obligations

11. On September 5, 2020, the entire principal and interest due under the Note became due and payable. Borrower failed to make these payments—an event of default.

12. Borrower's failure to pay the Note as agreed triggered each Guarantors' duty to pay under their respective Guaranty.

13. Despite their obligations under the Note and the Guaranties ("Loan Documents"), the Borrower and Guarantors have failed to make the required payments.

### Truist Bank's Demand

14. Truist Bank demanded that Borrower and Guarantors pay their obligations by letter dated October 9, 2020, attached as **Exhibit 4** ("Demand").

15. In the Demand, Truist Bank informed the Borrower and Guarantors of their failure to make the required payments and requested them to pay the full balance owed by October 16, 2020.[3] Truist Bank also informed Borrower and Guarantors that it would seek to enforce the debt if they failed to pay by October 16, 2020.[4]

---

[1] **Exhibits 2 & 3.**

[2] **Exhibits 2 & 3.**

[3] **Exhibit 4.**

[4] **Exhibit 4.**

16. Borrower and Guarantors failed to pay.

17. A balance of $116,504.11 is due under the Note and the Guaranties, excluding certain costs, expenses, and attorneys' fees, and pre- and post-judgment interest recoverable under the Loan Documents and applicable law.

18. All conditions precedent to Truist Bank's recovery under the Loan Documents have occurred.

## CLAIMS

### Count One: Breach of Note (against Borrower)

19. The Note constitutes a valid and legally enforceable contract between Borrower and Truist Bank.

20. Borrower signed the Note.

21. Truist Bank is the owner and holder of the Note.

22. A balance of $116,504.11 is due under the Note, excluding certain costs, expenses, and attorneys' fees, and pre- and post-judgment interest recoverable under the Loan Documents and applicable law.

### Count Two: Breach of Guaranties (against Ms. Cuzzo and Ms. Caster)

23. The Guaranties each constitute a valid and legally enforceable contract between Truist Bank, Ms. Cuzzo, and Ms. Caster, respectively.

24. Truist Bank is the owner and holder of Ms. Cuzzo's and Ms. Caster's Guaranties.

25. The Note evidences the primary financial obligations underlying Ms. Cuzzo's and Ms. Caster's Guaranties.

26. Borrower's failure to pay the Note triggered Ms. Cuzzo's and Ms. Caster's obligations to pay under their respective Guaranty.

27. Despite Truist Bank's demand for payment, Ms. Cuzzo and Ms. Caster breached their respective obligations by, among others, failing or refusing to make the required payment.

28. As an actual and proximate result of Ms. Cuzzo's and Ms. Caster's breaches, Ms. Cuzzo and Ms. Caster are jointly and severally liable to Truist Bank for the debt remaining due and owing on the Note.

29. After all just and lawful offsets, credits, and payments, Ms. Cuzzo and Ms. Caster are indebted to Truist Bank in the total amount of $116,504.11, plus Truist Bank's reasonable and necessary attorneys' fees, costs of court, and pre- and post-judgment interest recoverable under the Loan Documents and applicable law.

### Count Three: Attorneys' Fees (against all Defendants)

30. Pursuant to the terms of the Loan Documents and applicable law, Truist Bank is entitled to recover its reasonable and necessary attorneys' fees and expenses related to enforcement of those agreements.

**PRAYER**

Truist Bank asks for joint and several judgments against Cuzzcast Gourmet Gelato, LLC, Susan N. Cuzzo, and Maggie A. Caster for Truist Bank's actual damages, pre- and post-judgment interest, attorneys' fees, and expenses. Truist Bank also asks for all other relief to which it is entitled.

Respectfully submitted,

**JOHNSTON CLEM GIFFORD PLLC**

By: s/ *Kenneth C. Johnston*
    **Kenneth C. Johnston**
    kjohnston@johnstonclem.com
    Texas Bar No. 00792608

    **Ekaterina G. Long**
    klong@johnstonclem.com
    Texas Bar No. 24102700

1717 Main Street, Suite 3000
Dallas, Texas 75201
(214) 974-8000 Main
(972) 474-1718 K. Johnston

***Attorneys for Truist Bank***