UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TRUIST BANK, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 3:20-CV-03607-X |
| | § | |
| CUZZCAST GOURMET GELATO, LLC; and SUSAN N CUZZO; MAGGIE A CASTER, | § § § | |
| | § | |
| *Defendants*. | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Truist Bank's Motion for Summary Judgment. [Doc. No. 15]. The defendants have not answered the complaint, nor have they responded to Truist Bank's motion. For the reasons explained below, the Court **GRANTS** the motion but **DENIES WITHOUT PREJUDICE** Truist Bank's request for attorney's fees.

## I.   Factual Background

Truist Bank filed this lawsuit in December 2020 to recover damages against the defendants for their failure to repay a commercial loan. Cuzzcast Gourmet Gelato, LLC (Cuzzcast) signed a promissory note on June 22, 2018, for $153,000 and a default interest rate of 15%. Susan Cuzzo and Maggie Caster signed commercial guaranties on Cuzzcast's promissory note. The guaranty provides that Cuzzo and Caster

"absolutely and unconditionally guarantee the full and punctual payment and satisfaction of the Indebtedness" due under the promissory note.[1]

The note required Cuzzcast to make monthly payments until the note's maturity on June 5, 2023. A borrower defaults under the note when the "[b]orrower fails to make any payment when due under [the note]."[2] Cuzzcast failed to make its monthly payment, thereby defaulting on the note. Truist Bank accelerated the debt and sent a Notice of Default and Acceleration and Demand for Payment to Cuzzcast, Cuzzo, and Caster on October 9, 2020. The defendants did not repay the loan. Truist Bank alleges that the outstanding indebtedness under the loan is $116,424.18.

Truist Bank then sued the defendants in this Court. Cuzzo and Caster mailed Truist Bank unfiled letter answers to Truist Bank's complaint.[3] The Court ordered the defendants to file the answers with the Court.[4] They failed to do so. Truist Bank also served written discovery on Cuzzo and Caster, but they did not respond. The Clerk of Court entered default against Cuzzcast in accordance with Federal Rule of Civil Procedure 55(a) on January 15, 2021.

Truist Bank then filed this motion for summary judgment. Cuzzcast never responded to the complaint or responded to the instant motion for summary judgment. Truist Bank dismissed Cuzzo without prejudice as a result of her filing for Chapter 7 bankruptcy.

---

[1] Doc. No. 17-1 at 2.
[2] *Id.* at 4.
[3] Doc. No. 10.
[4] Doc. No. 14.

Because Cuzzcast has failed to appear and the Clerk of Court has entered default against it, the Court construes Truist Bank's motion for summary judgment against Cuzzcast as a motion for default judgment.[5]

## II. Motion for Summary Judgment

The Court first addresses the unopposed motion for summary judgment for breach of the guaranty against Caster.

### A. Legal Standard

Summary judgment is appropriate only if, viewing the evidence in the light most favorable to the non-moving party,[6] "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[7] "A fact is material if it 'might affect the outcome of the suit,'" and a "factual dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[8] The nonmovant's failure to respond is not in itself sufficient grounds to grant a motion for summary judgment; the movant "still must establish the absence of a genuine issue of material fact before it can prevail on a

---

[5] *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) (discussing the three stages to the entry of a default judgment: (1) the defendant has failed to plead or otherwise respond to the complaint; (2) entry of default by the Clerk of Court; and (3) entry of a default judgment).

[6] *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 417 (5th Cir. 2016).

[7] FED. R. CIV. P. 56(a).

[8] *Thomas v. Tregre*, 913 F.3d 458, 462 (5th Cir. 2019) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

summary judgment motion."⁹ But the court may "accept the movant's evidence as undisputed."¹⁰

## B. Analysis

"[S]uits to enforce promissory notes are among the most suitable classes of cases for summary judgment."¹¹ To recover under a guaranty contract, a plaintiff must show: "(1) the existence and ownership of the guaranty contract, (2) the terms of the underlying contract by the holder, (3) the occurrence of the conditions upon which liability is based, and (4) the failure or refusal to perform the promise by the guarantor."¹²

Truist Bank presents a prima facie case that it is entitled to summary judgment on the guaranty. First, Truist Bank has proved the existence and its ownership of the guaranty.¹³ Second, Truist Bank has proved the terms of the underlying contract, the promissory note secured by the guaranty.¹⁴ Third, Truist Bank has proved that it made the note, which triggered Caster's obligation to repay

---

⁹ *Resol. Tr. Corp. v. Starkey*, 41 F.3d 1018, 1023 (5th Cir. 1995).

¹⁰ *Balboa Cap. Corp. v. Dr. Nhue Ho Home Visits, LLC*, No. 3:18-CV-00920-M, 2020 WL 9886151, at *1 (N.D. Tex. Aug. 18, 2020) (Lynn, C.J.) (cleaned up).

¹¹ *Colony Creek, Ltd. v. Resol. Tr. Corp.*, 941 F.2d 1323, 1325 (5th Cir. 1991) (cleaned up).

¹² *Jenkins v. Liquipur Holdings, Inc.*, No. 3:09-CV-0646-N, 2010 WL 11618794, at *1 (N.D. Tex. Aug. 11, 2010) (Godbey, J.) (quoting *Lee v. Martin Marietta Materials Sw., Ltd.*, 141 S.W.3d 719, 720 (Tex. App.—San Antonio 2004, no pet.).

¹³ Doc. No. 17-1 at 1, 8–12.

¹⁴ *Id.* at 4–7.

the note.[15]  Finally, it has proved that Caster failed to repay the debt.[16]  The Court therefore **GRANTS** Truist Bank's motion for summary judgment against Caster.

### III.   Motion for Default Judgment

The Court next turns to the motion for default judgment against Cuzzcast. Because Cuzzcast has not appeared and the Clerk of Court has entered default against it, the Court treats the motion for summary judgment against Cuzzcast as a motion for default judgment.  The Court deems the facts on liability to be admitted and as a corporation, Cuzzcast is not incompetent, a minor, or in active military service.  While Rule 55 allows for hearings, it does not require them.  Here, Truist Bank served Cuzzcast a copy of the motion for summary judgment, notifying it of its duty to respond.  Cuzzcast did not respond.  Truist Bank's motion is supported by the declaration of Leslie Rodgers, a Senior Vice President and Asset Manager with Truist Bank's Commercial Asset Resolution Team and custodian of records for Truist Bank.[17]  As a result, ruling without a hearing is proper.

#### A.   Legal Standard

Federal Rule of Civil Procedure 55(b)(2) provides that, in proceedings not involving a certain sum:

> the party must apply to the court for a default judgment.  A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared.  If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at

---

[15] *Id.*

[16] *Id.* at 1–3.

[17] *See id.*

least 7 days before the hearing.  The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:

   (A) conduct an accounting;
   (B) determine the amount of damages;
   (C) establish the truth of any allegation by evidence; or
   (D) investigate any other matter.

A default requires a court to accept as true a plaintiff's well-pled allegations in a complaint.[18]

In determining whether to enter a default judgment, courts conduct a three-part analysis.  First, courts examine whether a default judgment is appropriate under the circumstances.[19]  Relevant factors (called the *Lindsey* factors) include: (1) whether disputes of material fact exist; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would be obliged to grant a motion from the defendant to set the default judgment aside.[20]  Second, the Court assesses the merits of the plaintiff's claims and whether there is a sufficient basis in the pleadings

---

[18] *See, e.g.*, *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 499 (5th Cir. 2015) (a complaint is well pled when "all elements of [a] cause of action are present by implication"); *In re Dierschke*, 975 F.2d 181, 185 (5th Cir. 1992) ("It is universally understood that a default operates as a deemed admission of liability.").

[19] *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

[20] *Id.*

to enter judgment.[21]  And third, if the plaintiff's claims are meritorious, the Court must assess whether the requested relief is appropriate.[22]

## B.   Procedural Appropriateness of Default

The Court now turns to the six *Lindsey* factors.  First, there are no material facts in dispute because Cuzzcast did not file any responsive pleadings.  Second, Cuzzcast's failure to respond could bring adversarial proceedings to a halt, prejudicing Truist Bank's interests.  Third, Cuzzcast's continual failure to respond or participate in this litigation clearly establishes grounds for the default.  Fourth, regarding mistake or neglect, there is no reason to believe that Cuzzcast is acting under a good faith mistake or excusable neglect.  Fifth, Cuzzcast's complete failure to respond to Truist Bank's complaint "mitigates the harshness of a default judgment."[23] Sixth, regarding whether the Court would grant a motion to set aside the default, the pleadings, the lack of response, and the consequential failure to plead a meritorious defense indicate a lack of good cause for the Court to set aside the default judgment. Thus, the Court concludes a default judgment is appropriate under these circumstances.

## C.   Sufficiency of Truist Bank's Complaint

Next, the Court must assess the merits of Truist Bank's claim considering its complaint.  Although Cuzzcast, by virtue of its default, is deemed to have admitted

---

[21] *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

[22] *Ramsey v. Delray Cap. LLC*, No. 3:14-CV-3910-B, 2016 WL 1701966, at *2 (N.D. Tex. Apr. 28, 2016) (Boyle, J.).

[23] *Green as Tr. of Green Children's Tr. v. Coord, LLC*, No. 3:18-CV-2141-B, 2018 WL 5267518, at *2 (N.D. Tex. Oct. 23, 2018) (Boyle, J.) (cleaned up).

Truist Bank's well-pled allegations, the Court must nonetheless review the complaint to determine whether it established a viable claim for relief.[24] To succeed on its claim for breach of promissory note, Truist Bank "need not prove all essential elements of a breach of contract, but only must establish the note in question, that [the non-movant] signed the note, that [Truist Bank] was the legal owner and holder thereof, and that a certain balance was due and owing on the note."[25]

The Court finds that Truist Bank has established a viable claim that Cuzzcast breached its promissory note. First, Truist Bank's evidence establishes the existence and ownership of the promissory note.[26] Second, it has established that Cuzzcast signed the promissory note through its managing members Caster and Cuzzo.[27] And finally, it has established that Cuzzcast defaulted and $116,424.18 was due and owing on the note.[28]

### D. Damages

Truist Bank requests that the Court award actual damages of $116,424.18, which includes the amount remaining on the note, accrued interest, and a late fee and costs. It also requests pre-judgment interest and post-judgment interest at the contractual rate of 15% from the date of entry of the judgment until the defendants

---

[24] *Nishimatsu*, 515 F.2d at 1206.

[25] *Resol. Tr. Corp.*, 41 F.3d at 1023 (quoting *Clark v. Dedina*, 658 S.W.2d 293, 295 (Tex. App.—Houston [1st Dist.] 1983, writ dism'd w.o.j.) (cleaned up)).

[26] Doc. No. 17-1 at 2, 4–7.

[27] Doc. No. 17-1 at 7.

[28] *Id.* at 2; Doc. No. 17-2 at 32; Doc. No. 17-3 at 43. Under Federal Rule of Civil Procedure 36, "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." FED. R. CIV. P. 36(a)(3).

pay the debt in full. While courts usually must hold hearings to determine damages for a default judgment, a hearing is not required if the amount claimed is a liquidated sum or one capable of mathematical calculation.[29] Damages may be proven by a "demonstration of detailed affidavits establishing the necessary facts."[30] The Court finds that the requested damages award is capable of mathematical calculation.[31] Given Truist Bank's supporting evidence, the Court finds Truist Bank's request for actual damages reasonable and awards Truist Bank $120,798.22 in damages.[32]

"Federal law governs post-judgment interest" and "post-judgment interest is awarded as a matter of course."[33] Truist Bank requests post-judgment interest at the contractual rate of 15%. The promissory note provides that after default, the note's interest rate will be increased to 15%.[34] However, "[t]he post-judgment interest rate for judgments in federal courts is governed by federal statute, 28 U.S.C. § 1961(a)."[35] Parties can contract around the statutory rate, but to do so, the contract "must us[e] clear, unambiguous, and unequivocal language, otherwise the contract merely

---

[29] *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979).

[30] *Green as Tr. of Green Children's Tr.*, 2018 WL 5267518, at *3.

[31] The defendants owe $111,204.63 in outstanding principal, $9,563.59 in pre-judgment interest, and $30.00 in late fees and costs.

[32] As of May 12, 2021, the pre-judgment interest was $5,189.15, which was included in Truist Bank's lump sum request. Doc. No. 17-1 at 2. Its affidavit states that interest accrues at $18.5341 per day. *Id*. Since that time, $4,374.04 in interest has accrued. As of the date of this order, the total prejudgment interest owed is $9,563.59.

[33] *Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 173 (5th Cir. 2010).

[34] Doc. No. 17-1 at 4.

[35] *Celtic Marine Corp. v. James C. Just. Cos., Inc.*, 593 F. App'x 300, 305 (5th Cir. 2014) (quotation omitted).

9

merges into the judgment."[36] Here, the contract does not explicitly reference post-judgment interest. The provision providing for an increased interest rate after default is not "clear, unambiguous, and unequivocal" that it sets the post-judgment interest rate at 15% as well.[37] Therefore, the Court denies Truist Bank's request for post-judgment interest at 15% and awards post-judgment interest pursuant to 28 U.S.C. § 1961.

## IV. Attorney's Fees and Costs

Truist Bank seeks attorney's fees under Texas Civil Practice and Remedies Code § 38.0001(8), which allows a party to recover reasonable attorney's fees for claims arising out of a written contract.[38] Truist Bank's cause of action is based on the promissory note and the guaranties, both written contracts. Additionally, the note and the guaranties allow for the collection of attorneys' fees. So, if Truist Bank's fees are reasonable, it is entitled to attorney's fees.

Here, Truist Bank requests $18,346.44 in attorneys' fees and $2,307.48 in costs, and has provided an affidavit and billing invoices in support of those amounts. While the billed items on the attached exhibit feature descriptions of the work done, some of the descriptions are redacted. These redactions preclude the Court from determining whether the corresponding fees are reasonable. If Truist Bank believes

---

[36] *Id.* (quotation omitted).

[37] The Fifth Circuit has found that parties do not "clearly, unambiguously, and unequivocally mean[] to refer to postjudgment interest except where they have expressly referred to postjudgment interest." *Tricon Energy Ltd. v. Vinmar Int'l, Ltd.*, 718 F.3d 448, 459 (5th Cir. 2013).

[38] Because "[s]tate law controls both the award of and the reasonableness of fees awarded where state law supplies the rule of decision," Texas law applies. *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

these descriptions contain privileged information, it must file an unredacted version for the Court to review *in camera*.

## V.   Conclusion

For the foregoing reasons, the Court **GRANTS** Truist Bank's motion for summary judgment against Caster and its motion for default judgment against Cuzzcast. The Court **DENIES WITHOUT PREJUDICE** Truist Bank's request for attorney's fees and costs. Within 14 days, Truist Bank shall file a new motion for attorney's fees that includes unredacted descriptions of all billed items (*in camera* if needed) so that this Court can determine whether the requested fees are reasonable.

By separate order, the Court will issue a final judgment.

**IT IS SO ORDERED** this 3rd day of January, 2022.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE